IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT DOW,<br><br>    Plaintiff,<br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    Defendant. | Case No. __26-721__<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Scott Dow, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

**I. Nature of the Action**

1.      Plaintiff brings this Complaint to recover damages under the Pennsylvania Criminal History Record Act ("CHRIA"), 18 Pa. C.S § 9100 *et seq* and Public Policy violations. Plaintiff alleges that he was subjected to the unlawful use of his criminal history record information to rescind an employment offer.

**II. Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

3.      Defendant Federal Express Corporation is a corporation under the laws of the State of Delaware and maintains its principal place of business in the State of Tennessee. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state of incorporation and a citizen of the state of the principal place of business.

4.      Defendant First Advantage Background Services Corp, is a corporation under the laws of the State of Florida and maintains its principal place of business in the State of Georgia.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state of incorporation and a citizen of the state of the principal place of business.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Central Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper.

### III. Parties

7. Plaintiff, Scott Dow ("Plaintiff"), is an adult individual with a primary residence located at 70 Lancaster Estates, Mount Joy, PA 17552.

8. Defendant, Federal Express Corporation ("FedEx") is a Delaware business corporation with a regular place of business located at 3610 Hacks Cross Road, Memphis, TN 38125.

9. Defendant, First Advantage Background Service Corp ("First Advantage"), is a Florida business corporation with a regular place of business located at 7501 W Memorial Road, Oklahoma City, OK 73142.

### IV. Facts

10. Plaintiff applied for the position of Senior Operations Admin with FedEx on or around July 11, 2025.

11. The position was located at 111 Fulling Mill Road, Middletown, PA.

12. Plaintiff participated in an interview with FedEx on August 4, 2025.

13. Plaintiff was officially offered the position with FedEx on August 13, 2025.

14. Plaintiff accepted the offer on the same date.

15. Plaintiff was subjected to a background check, which was done by First Advantage.

16. Plaintiff's criminal convictions and disposition dates are as follows:

   a. DUI: March 5, 2014;

   b. Four counts of possession of child pornography: October 20, 2015;

   c. One count of criminal use of a communication facility: October 20, 2015; and

   d. Two counts of harassment (subjecting others to physical contact) August 10, 2020.

17. Approximately a month after Plaintiff was offered the position with FedEx, Plaintiff received a letter from FedEx stating "Based in whole or in part on information contained in that background check report, we are withdrawing your conditional offer of employment.".

18. Plaintiff's job offer was rescinded specifically due to the information of his background check.

## COUNT I
**Violation of the Pennsylvania Criminal History Record Information Act ("CHRIA")**

19. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

20. Defendant's actions, as described above, constitute a violation of CHRIA, 18 Pa.C.S §§ 9100 *et seq.*

21. Defendant unlawfully used Plaintiff's criminal history information to rescind a job offer.

22. Plaintiff suffered damages as a result of the job offer being rescinded, including lost wages and emotional distress.

23. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

## COUNT II
### Public Policy Violations

24. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

25. Defendant's termination of Plaintiff violates Pennsylvania Public Policy.

26. Defendant's rescinding of the job offer to Plaintiff violates the Constitution of the Commonwealth of Pennsylvania.

27. Case law specifically states that denying employment to persons with criminal records violates the Pennsylvania Constitution's guarantee of the right to work. See *Nixon v. Com.*, 789 A.2d 376 (Pa. Commw. Ct. 2001) aff'd on other grounds, 576 Pa. 385, 839 A.2d 277 (2003).

28. Plaintiff was denied his rights guaranteed under the Constitution of the Commonwealth of Pennsylvania, including: the right to work, the right to engage in the common occupations of life, the right to earn a living in order to purchase property, the right to earn a living in order to marry and raise a family and the right to happiness.

29. Defendant's decision to deny Plaintiff employment also violates Pennsylvania's deeply ingrained public policy of trying to avoid unwarranted stigmatization and unreasonable restrictions upon former offenders and persons accused.

30. Case law supports a finding that the refusal to hire Plaintiff violates public policy. *See Warren Cnty. Human Servs. v. State Civil Serv. Comm'n (Roberts)*, 844 A.2d 70 (Pa. Commw. Ct. 2004) (finding that prohibiting the hiring of previously convicted applicants was unconstitutional as a violation of equal protection).

31. Defendant unreasonably stigmatized Plaintiff because of his prior charges, such that Plaintiff was precluded from continuing in his position.

32. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Scott Dow, respectfully requests that this Court enter judgment in his favor, and against Defendant, Federal Express Corporation and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
One Oxford Centre
301 Grant Street, Ste 270
Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## VERIFICATION

I, Scott Dow, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Scott Dow (Feb 2, 2026 16:54:57 EST)
Scott Dow